

# THE ATTORNEY GENERAL

# OF TEXAS

AUSTIN, TEXAS

PRICE DANIEL
ATTORNEY GENERAL

June 8, 1950

Hon. Robt. S. Calvert
Comptroller of Public Accounts
Austin, Texas

Opinion No. V-1069.

Re: The authority of the tax as-
sessor-collectors in certain
counties to withhold funds
from State tax collections to
pay the assessors' salaries.

Dear Sir:

You request an opinion upon the questions presented in
your letter which we quote:

"Article 3937, Acts First Called Session of the
41st Legislature, after setting out the commission
rates to be paid to the County Tax Assessor-Collec-
tors for assessing the taxes, reads in part as follows:

"'It is further hereby provided that from and af-
ter January 1, 1934, in the counties having a population
of more than seventy thousand (70,000), inhabitants ac-
cording to the last preceding Federal Census, the Tax
Collector shall advance to the Tax Assessor, out of
State taxes collected by the Tax Collector, such sums
of money to be paid weekly, as may be necessary to
pay the salaries of said Tax Assessor, but such sums
shall not total, before the annual tax rolls are submit-
ted by him to the Comptroller of Public Accounts, more
in one year than 60% of the estimate for said year here-
inafter provided for.

"'In counties of the class last mentioned on Janu-
ary 1st of each year the Assessor of taxes shall submit
to the Comptroller of Public Accounts and County Audi-
tor an estimate of State fees for assessing taxes for
said year, which, if approved by said County Auditor
and said Comptroller of Public Accounts, shall author-
ize the payment out of State taxes of the salaries in the
next paragraph hereinabove provided; and at the time
the Assessor of taxes submits his tax rolls each year,
he shall be paid such balance due him from the State
as shall be determined by the said Comptroller of Pub-
lic Accounts and County Auditor and such balance shall
be paid out of State taxes upon the warrant of the Comp-
troller of Public Accounts drawn upon the Tax Collector.'

"Senate Bill No. 211, Acts of the 51st Legislature amended the Article wherein the Tax Assessor-Collector is to now be paid higher commission rates than those provided by the First Called Session of the 41st Legislature. The amended Article leaves out the clause authorizing advance commissions to be paid to the Tax Assessor-Collector out of the State taxes, in counties having a population of 70,000 or more inhabitants. The following sentence was added to the Bill enacted by the 51st Legislature:

" 'The Commissioners Court shall allow, the Assessor of Taxes such sums of money to be paid monthly from the county treasury as may be necessary to pay for clerical work, taking assessments, and making out the tax rolls of the county, (such sums so allowed to be deducted from the amount allowed to the Assessor as compensation upon the completion of said tax rolls); provided the amount allowed the Assessor by the Commissioners Court shall not exceed the compensation that may be due by the County to him for assessing.'

"Since Senate Bill No. 211 does not refer to advance commission being paid out of State taxes to the County Tax Assessor-Collectors in counties having a population of 70,000 or more inhabitants we have advised the Assessor-Collectors in those counties that we are of the opinion that they should not hold out the advance commission during this year. That fact is referred to in the enclosed letter addressed to you on Mar. 28th, by J. M. Williams, County Auditor of Tarrant County.

"You will please advise this department whether or not the Tax Assessor-Collectors of the counties in question should refund to the State Treasurer the amounts they have withheld out of taxes collected, for the State, since Jan. 1, 1950, and whether they should discontinue holding out the weekly payments in the future."

S. B. 211, supra, amended Article 3937, supra, so that it provides higher rates of compensation to the assessor of taxes for assessing State and county taxes, and the same rates for assessing drainage district taxes, road districts, or other political subdivisions of the county.

Article 3937 which was amended in 1933 at the First Called Session of the 43rd Legislature, page 310, chapter 112, increased the compensation allowed assessors for assessing State and county taxes and left the compensation for assessing the poll tax at the same rate as fixed in the 1925 codification. This 1933 amendment added the following provisions not theretofore appearing in said Article:

"It is further hereby provided that from and after January 1, 1934, in the counties having a population of more than seventy thousand (70,000), inhabitants according to the last preceding Federal Census, the Tax Collector shall advance to the Tax Assessor, out of State taxes collected by the Tax Collector, such sums of money to be paid weekly, as may be necessary to pay the salaries of said Tax Assessor, but such sums shall not total, before the annual tax rolls are submitted by him to the Comptroller of Public Accounts, more in one year than 60% of the estimate for said year hereinafter provided for.

"In counties of the class last mentioned on January 1st of each year the Assessor of taxes shall submit to the Comptroller of Public Accounts and County Auditor an estimate of State fees for assessing taxes for said year, which, if approved by said County Auditor and said Comptroller of Public Accounts, shall authorize the payment out of State taxes of the salaries in the next paragraph hereinabove provided; and at the time the Assessor of taxes submits his tax rolls each year, he shall be paid such balance due him from the State as shall be determined by the said Comptroller of Public Accounts and County Auditor and such balance shall be paid out of State taxes upon the warrant of the Comptroller of Public Accounts drawn upon the Tax Collector."

S. B. 211, Acts of the 51st Legislature, omitted all of the 1933 amendment which we have quoted above. In fact, there is no reference either in the caption or the body of the bill to the 1933 amendment. Reference is had only to the 1925 codification. Article 3937 as amended by S. B. 211 was copied verbatim from the 1925 codification except to increase the percentages allowed assessors for assessing taxes.

Section 4 of the 1949 amendment reads as follows:

"That all laws or parts of laws in conflict herewith are hereby repealed."

We think the net result of this latter amendment to Article 3937 was to repeal all of that portion of the 1933 amendment with which we are here concerned and leave the omitted provisions of the 1933 amendment wholly inoperative as of the effective date of said bill, which was June 19, 1949.

Therefore we agree with you that all sums of money advanced to the assessor in counties having a population of 70,000 or more since the effective date of S. B. 211 was without legal authority, and hence should be returned to the State, and that all tax assessor-Collectors should discontinue holding out the weekly payments in the future.

## SUMMARY

S. B. 211, 51st Leg., amending Article 3937, V. C.S., which became effective June 19, 1949, repealed the prior provision of said Article relating to weekly advancements for the collector to the assessor in counties having a population of 70,000 or more to help pay the cost of assessing and collecting State and county taxes.

Yours very truly,

PRICE DANIEL
Attorney General

APPROVED:

W. V. Geppert
Taxation Division

Charles D. Mathews
Executive Assistant

By L. P. Lollar
L. P. Lollar
Assistant

LPL/mwb